UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVE BONGE, DOMINGO BUSTER, )
DANIEL CANALES, PAUL CASEY, )   Ind. No. 07cv4601
KIMBERLY CLOSSICK, BART DOWLING, )
LAWRENCE GARCIA, BARBARA HECKMAN, )   **COMPLAINT**
CYNTHIA JORDAN, KEVIN LALKA, BRENDAN )
MANNING, SCOTT NEWTON, and RICHARD WEST )   **A JURY TRIAL**
) **IS DEMANDED**

                Plaintiffs, )

-against-
)

THE CITY OF NEW YORK; and, NEW YORK CITY
POLICE DEPARTMENT DETECTIVE FRANK VEGA; )
and NEW YORK CITY POLICE DEPARTMENT
OFFICIALS JOHN AND JANE DOE 1-50 )

                Defendants. )

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiffs, STEVE BONGE, DOMINGO BUSTER, DANIEL CANALES, PAUL CASEY, KIMBERLY CLOSSICK, BART DOWLING, LAWRENCE GARCIA, BARBARA HECKMAN, CYNTHIA JORDAN, KEVIN LALKA, BRENDAN MANNING, SCOTT NEWTON, and RICHARD WEST seek relief for the Defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and of rights secured under the common law and the Constitution of the State of New York.

2. The Plaintiffs seek damages, both compensatory and punitive, affirmative and

equitable relief, injunctive relief, an award of costs, interest and attorney's fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

4. Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMANDED

5. The Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs are all citizens and residents of the United States, and were at all times relevant herein residents of the County of New York, State of New York, and of full age.

8. Defendants FRANK VEGA, and JOHN and JANE DOE 1-50 are and were at all times relevant herein unidentified duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. Defendants VEGA and JOHN and JANE DOE 1-50 are, and were at all times relevant herein,

acting under the direction and control of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, and were acting pursuant to either official policy, or the custom, practice and usage of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK.  Defendants VEGA and JOHN and JANE DOE 1-50 are sued individually and in their official capacities.

9. Defendant CITY OF NEW YORK is, and was at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by members of the New York City Police Department.  Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendants VEGA and JOHN and JANE DOE 1-50

10. At all times relevant herein, Defendants VEGA and JOHN and JANE DOE 1-50 were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, and the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  At all times relevant herein, they were acting for and on behalf of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK, with the power and authority vested in them

as officers, agents, servants and employees of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

11.     At all times relevant herein, Plaintiffs STEVE BONGE, DOMINGO BUSTER, DANIEL CANALES, PAUL CASEY, KIMBERLY CLOSSICK, BART DOWLING, BARBARA HECKMAN, KEVIN LALKA, BRENDAN MANNING, SCOTT NEWTON, and RICHARD WEST lived at 77 East Third Street, in Manhattan (hereinafter, "the building").  At all times relevant herein, Plaintiffs BRENDAN MANNING & SCOTT NEWTON and LAWRENCE GARCIA & BART DOWLING shared private storage rooms on the ground floor of the HAMC.  At all times relevant herein, Plaintiff CYNTHIA JORDAN frequented apartment 6R located on the fourth floor of the building, regularly spent evenings in apartment 6R, and kept personal property in apartment 6R.

12.     The building is a multi-story dwelling, the first or ground floor of which consists of private storage rooms and the clubhouse of the New York City chapter of the Hell's Angels Motorcycle Club (hereinafter, "Hell's Angels" or "HAMC"). The remaining floors of the building consist of private residences, including those occupied and rented by Plaintiffs BONGE, BUSTER, CANALES, CASEY, CLOSSICK, DOWLING, HECKMAN, LALKA, MANNING, NEWTON, and WEST.

13.     Plaintiff LALKA lives in the building in apartment 2F. Plaintiff BONGE lives in the building in apartment 2R.  Plaintiff BUSTER lives in the building apartment 3F.  Plaintiff DOWLING lives in the building in apartment 3R.  Plaintiffs CANALES and HECKMAN live in the

building in apartment 4F. Plaintiff MANNING lives in the building in apartment 4R. Plaintiff CASEY lives in the building in apartment 5F. Plaintiffs NEWTON and CLOSSICK live in the building in apartment 6F. Plaintiff WEST lives in the building in apartment 6R. Plaintiff JORDAN regularly occupied apartment 6R (see ¶ 11).

14. In addition to their private apartments, Plaintiffs MANNING & NEWTON also maintain a single, shared, private storage room on the ground floor of the building. This storage area is a separate room under the control of Plaintiffs MANNING & NEWTON, sealed by a locked door. In the storage room, Mr. MANNING and Mr. NEWTON store personal property, motorcycle parts, tools, and related personal items.

15. Plaintiffs GARCIA & DOWLING maintain a single, shared, private storage room on the ground floor of the building. The storage area is a separate room under the control of Plaintiffs GARCIA & DOWLING, sealed by a locked door. In the storage room, Mr. GARCIA and Mr. DOWLING store personal property, motorcycle parts, tools, and related personal items.

16. Members of and persons associated with the New York City chapter of the HAMC, including Plaintiffs herein, and the building itself have long been the targets of unwarranted intimidation, harassment, surveillance and seizures by the New York City Police Department.

17. The building, and the facts that the HAMC clubhouse is located on the ground floor and private homes are located on the floors above the clubhouse of the building are, and have been for some time, known to members of the New York City Police Department, including but not limited to high-ranking supervisors and policy makers in the New York City Police Department, and especially members of the Ninth Precinct.

18. Two prior raids on the building, in 1998 and again in 2000, resulted in successful

federal civil rights lawsuits against the City of New York and members of the NYPD. Much of the focus of the 1998 and 2000 cases was on the residential units contained in the building.

19. On January 29, 2007, members of the New York City Police Department conducted a search of the building, including the private residences therein, pursuant to two search warrants issued on January 29, 2007. New York City Criminal Court Judges Coin and Clott signed the warrants.

20. Neither of the search warrants contain any indication whatsoever that the judges authorizing the search of the building were informed about, or considered the fact, that they were authorizing the search of multiple private residences. Upon information and belief, Defendants omitted or misrepresented material facts in their application for the relevant search warrants.

21. During the execution of the warrants, the NYPD responded with tactical units, helicopters, emergency support services, and other heavily-armed units of the NYPD. The residents of the building present at the time of the raid, including Plaintiffs CANALES, HECKMAN, JORDAN, MANNING, and WEST, were forced to vacate the premises during the search.

22. Plaintiff RICHARD WEST was arrested, absent a warrant and without cause, handcuffed and held at the Ninth Precinct, only to be released approximately 9 hours later without any charges being brought. Upon information and belief, Defendant VEGA participated in, and/or authorized, the arrest of Plaintiff WEST.

23. While the residents of the building were kept outside—and Plaintiff WEST was held at the Ninth Precinct—each private residence was forcibly entered by members of the NYPD, searched by members of the NYPD, and, upon information and belief, videotaped or photographed by members of the NYPD.

24.     Each Plaintiff's private residence was entered and searched by VEGA and/or JOHN and JANE DOE 1-50, and, upon information and belief, was videotaped, photographed and/or otherwise inventoried.  In the process of the search, Defendants damaged, moved and rummaged through Plaintiffs' personal property without their consent, causing damage including but not limited to: damaged doors and door frames, broken mirror(s), a broken television, broken walls, broken couch, broken toilet, broken pictures, missing and damaged jewelry, broken heater, broken cabinet lock, and a broken videotape.  In addition to the irreparably broken items, clothing and papers were strewn about, closets were rummaged through, drawers pulled out and left on the floor, and pets were left to roam throughout the premises unsupervised (resulting in veterinary visits).  The police presence on 3rd Street—including shutting down the block on which the building sits—lasted in excess of 18 hours.  The police search and seizure of Plaintiffs' residences lasted in excess of 5 hours.

25.     Defendants VEGA and/or JOHN and JANE DOE 1-50 also caused Plaintiff WEST to be handcuffed and took him into custody.

26.     The arrest of WEST was made without a warrant, and without probable cause or other legal justification.

27.     The arrest of WEST was subsequently "voided."  No further arrests or prosecutions resulted from the raid.

28.     Plaintiff STEVE BONGE's apartment was  forcibly entered causing damage to the door and lock.  His property was strewn about all over the main room and bedroom of his apartment.

29.     Plaintiff DOMINGO BUSTER's apartment was forcibly entered causing damage to his door.  His toilet was broken, his couch damaged, personal pictures were damaged, jewelry was

similarly damaged (some of which went missing altogether), his computer was tampered with, and his property was generally strewn about all over the floor of his apartment.

30. Plaintiffs DANIEL CANALES and BARBARA HECKMAN were home at the time of the raid. Their apartment was forcibly entered causing damage to the door, lock, and door handle. Everything in CANALES and HECKMAN's apartment was rifled through (e.g. dressers, closets, cabinets, etc.). CANALES and HECKMAN's personal paperwork—including personal phone lists, HAMC phone lists, HAMC anniversary lists, HAMC stickers—and a HAMC Secretary Patch Tag were seized. Upon information and belief, Defendants confiscated this paperwork, though it is not recorded in the Defendants' post-warrant inventory of seized items.

31. Plaintiff PAUL CASEY's apartment was forcibly entered, causing damage to the door frame. The search of CASEY's apartment resulted in significant damage to the wall in the bathroom near the toilet; a section of that wall is now missing.

32. Plaintiff BART DOWLING's apartment was forcibly entered, causing damage to the door. Defendants' conduct during the search of DOWLING's home resulted in damage to his coffee table, picture frame, and other small items.

33. Plaintiffs LAWRENCE GARCIA and BART DOWLING's storage room was forcibly entered, damaging its door. Defendants' conduct during the search resulted in damage to the walls of GARCIA and DOWLING's shared storage room.

34. Plaintiff KEVIN LALKA's apartment was forcibly entered. Defendants broke down two doors (his apartment door and bedroom door) and destroyed the attached locks. The walls of Mr. LALKA's apartment were damaged with holes punched into them and panels pulled down. Defendants also broke a television in Mr. LALKA's bedroom and destroyed a videocassette tape.

35. Plaintiff BRENDAN MANNING was home at the time of the raid. His apartment was forcibly entered, breaking the apartment door. Upon information and belief, keys to Mr. MANNING's apartment were taken from his apartment during the raid. In addition, Plaintiff MANNING and NEWTON'S shared storage room on the ground floor was forcibly entered, damaging its door.

36. Plaintiffs SCOTT NEWTON and KIMBERLY CLOSSICK's apartment was forcibly entered, damaging the front door. Defendants also damaged the double doors leading to NEWTON and CLOSSICK's kitchen, and broke their television, windows, and multiple mirrors in their apartment.

37. Plaintiff RICHARD WEST was home at the time of the raid. Defendants VEGA and/or JOHN and JANE DOE 1-50 caused WEST to be handcuffed and arrested, and took him against his will to the Ninth Precinct, where he was held for a period of approximately 9 hours. Plaintiff WEST was released at approximately 2:00 a.m., on January 30, 2007, approximately 9 hours after he was taken into custody. No charges were brought against WEST. In addition, his home was forcibly entered by the Defendants, damaging his door. Plaintiff WEST's significant other, Plaintiff CYNTHIA JORDAN, was present during the raid and WEST's arrest. See Compl. ¶ 11. As a result of witnessing the raid and her partner's arrest, JORDAN was alarmed and suffered mental anguish.

38. Defendants JOHN and JANE DOES 1-50 are unidentified members of the New York City Police Department who personally responded to the scene of the events complained of herein, and who participated, along with Defendant VEGA, in the unlawful and unreasonable arrest of Plaintiff WEST and/or unlawfully and unreasonably entered into and searched the homes of the

individual Plaintiffs herein. While on the scene of the events complained of herein, Defendants VEGA and JOHN and JANE DOES 1-50 knowingly, recklessly and wantonly failed to protect the individual Plaintiffs herein from the illegal and unreasonable treatment of the other officers on the scene, despite having an opportunity and obligation to do so.

39. The conduct of Defendants VEGA and JOHN and JANE DOE 1-50, in entering Plaintiffs' apartments, arresting Plaintiff WEST, holding Plaintiff WEST in handcuffs, dragging Plaintiff WEST to a police precinct, falsely imprisoning Plaintiff WEST, searching Plaintiffs' apartments, and failing to intervene in the illegal conduct of each other despite having an opportunity to do so, or in directing police officers to do the same, directly and proximately caused Plaintiffs serious emotional injury, mental pain and suffering, mental anguish, humiliation and embarrassment.

40. The arrest of Plaintiff WEST was without probable cause, and was done maliciously, falsely and in bad faith; and was motivated by Plaintiffs' membership in and affiliation with the HAMC. Defendants VEGA and JOHN and JANE DOE 1-50 acted with reckless and wanton disregard for the rights, health and safety of Plaintiff WEST.

41. Upon information and belief, the entries into and searches of Plaintiffs' residences were pursuant to warrants secured by material misrepresentation of facts or through the omission of material facts; and was motivated by Plaintiffs' membership and affiliation with the HAMC. Defendants VEGA and JOHN and JANE DOE 1-50 acted with reckless and wanton disregard of the rights, health and safety of Plaintiffs, the safety of their property, and the integrity of their privacy.

42. As a result of all of the acts alleged herein, the Plaintiffs have suffered and continue to suffer emotional injury, mental pain and suffering, mental anguish, humiliation and

embarrassment, and property damage.

## CLAIMS FOR RELIEF FOR DEPRIVATION OF RIGHTS
## UNDER THE FOURTH AND FOURTEENTH AMENDMENTS
## AND 42 U.S.C. §1983

### Unreasonable Seizures

### FIRST CLAIM

43. Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

44. The conduct and actions of Defendants VEGA and JOHN and JANE DOES 1-50, acting individually and in concert with each other and under color of law, in arresting and detaining without probable cause Plaintiff WEST, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

45. As a result of the foregoing, Plaintiff WEST was deprived of his liberty, was subject to great humiliation, and was otherwise damaged and injured.

### Unreasonable Searches

### SECOND CLAIM

46. Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

47. The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering

and searching the apartment of Plaintiff BONGE pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

48.    As a result of the foregoing, Plaintiff BONGE was deprived of liberty, was subject to great humiliation, sustained property damage, and was otherwise damaged and injured.

### THIRD CLAIM

49.    Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

50.    The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the apartment of Plaintiffs CANALES and HECKMAN pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's' Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

51.    As a result of the foregoing, Plaintiff s CANALES and HECKMAN were deprived of

liberty, were subject to great humiliation, sustained property damage, and were otherwise damaged and injured.

## FOURTH CLAIM

52.     Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

53.     The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the apartment of Plaintiff CASEY pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

54.     As a result of the foregoing, Plaintiff CASEY was deprived of liberty, was subject to great humiliation, sustained property damage, and was otherwise damaged and injured.

## FIFTH CLAIM

55.     Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

56.     The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the storage room of Plaintiff NEWTON and the apartment of Plaintiffs NEWTON and

CLOSSICK pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's' Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

57.     As a result of the foregoing, Plaintiffs NEWTON and CLOSSICK were deprived of liberty, were subject to great humiliation, sustained property damage, and were otherwise damaged and injured.

## SIXTH CLAIM

58.     Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

59.     The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the apartment and storage room of Plaintiff DOWLING pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

60. As a result of the foregoing, Plaintiff DOWLING was deprived of liberty, was subject to great humiliation, sustained property damage, and was otherwise damaged and injured.

## SEVENTH CLAIM

61. Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

62. The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the apartment and storage room of Plaintiff GARCIA pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

63. As a result of the foregoing, Plaintiff GARCIA was deprived of liberty, was subject to great humiliation, sustained property damage, and was otherwise damaged and injured.

## EIGHTH CLAIM

64. Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

65. The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering

and searching the apartment of Plaintiff LALKA pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

66.     As a result of the foregoing, Plaintiff LALKA was deprived of liberty, was subject to great humiliation, sustained property damage, and was otherwise damaged and injured.

## **NINTH CLAIM**

67.     Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

68.     The conduct and actions of Defendants VEGA and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the apartment and storage room of Plaintiff MANNING pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

69.     As a result of the foregoing, Plaintiff MANNING was deprived of liberty, was subject

to great humiliation, sustained property damage, and was otherwise damaged and injured.

## TENTH CLAIM

70. Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

71. The conduct and actions of Defendants Vega and JOHN and JANE DOE 1-50, or some of them, acting individually and in concert with each other and under color of law, in entering and searching the apartment of Plaintiff WEST, with Plaintiff JORDAN (who regularly occupied WEST's apartment) present, pursuant to a warrant obtained, upon information and belief, based on material misrepresentation of fact(s) or through the omission of material facts, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

72. As a result of the foregoing, Plaintiffs WEST and JORDAN were deprived of liberty, subject to great humiliation, sustained property damage, and were otherwise damaged and injured.

## LIABILITY OF DEFENDANT CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

### ELEVENTH CLAIM

73. Plaintiffs incorporate by reference every allegation set forth in this Complaint as if fully set forth herein.

74. At all times material to this complaint, the Defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, and in particular through high-ranking members and policy-makers of the New York City Police Department, had knowledge of and acquiesced in a pattern and practice of unwarranted intimidation, harassment, searches and seizures of members of and persons associated with the New York City chapter of the HAMC, including Plaintiffs herein, by members of the New York City Police Department.

75. That pattern and practice manifested itself in multiple raids of the building by members of the NYPD as described herein, including warrantless searches, and resulted in the raid and warrantless arrest absent probable cause that is the subject of this Complaint.

76. The first relevant raid occurred on August 5, 1998, and resulted in the illegal arrests of numerous residents of the building, and in illegal searches and videotaped inventories of the apartments of residents of the building. During this raid, the NYPD obtained a warrant to search only the clubhouse premises on "the ground level" of the building. Despite that limitation, NYPD officers illegally entered each and every apartment upstairs, knowing that to be outside the scope of the warrant.

77. The second such raid occurred on April 29, 2000, and likewise resulted in illegal arrests of numerous residents of the building, and in illegal searches and, upon information and belief, videotaped inventories of the apartments of residents of the building. During this raid, the NYPD had no warrant at all, and, again, went into each and every apartment in the building.

78. The raid that is the subject of this Complaint occurred on January 29, 2007, and resulted in the illegal arrest of Plaintiff WEST, and, upon information and belief, in illegal searches of each and every of Plaintiffs' apartments.

79. All of these raids were conducted pursuant to the orders of, or were conducted with the knowledge and acquiescence of, high-ranking members and policy-makers of the New York City Police Department.

80. As a direct and proximate result of the Defendants' wrongful policies, practices, customs and/or usages complained of herein, Plaintiffs have suffered emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, and property damage.

WHEREFORE, each Plaintiff demands the following relief jointly and severally against each of the Defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. A declaration that the January 29, 2007 raid by the Defendants violated the constitutional rights of each Plaintiff;

    d. An order forcing Defendants to return all of Plaintiffs' property that was seized (including the front door of the HAMC and $2600 cash), and further ordering Defendant CITY OF NEW YORK, and all subdivisions (including the NYPD) to return or destroy all photographs, videotapes, etc. created during or as a result of the raid;

    e. The convening and empaneling of a jury to consider the merits of the claims herein;

    f. Costs and interest and attorney's fees;

    g. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of

justice.

Dated:   New York, New York
         May 28, 2007

---

RONALD L. KUBY, Esq.  [RK-1879]
DANIEL M. PEREZ, Esq.  [DP-0032]
DAVID PRESSMAN, Esq. [DP-9136]

Kuby & Perez LLP
119 W. 23rd Street, Suite 900
New York, New York  10011
(212) 529-0223

Attorneys for Plaintiffs