


THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HILLARY A. FROMMER**
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

June 13, 2007



**VIA FACSIMILE**
The Honorable Shira A. Scheindlin
Untied States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Bonge v. The City of New York et al.</u>
         07 Civ. 4601 (SAS)(GWG)

Dear Judge Scheindlin:

    I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense in the above-referenced matter. With plaintiffs' consent, I write to respectfully request that the Court So Order the attached subpoena which requires the Office of the New York County District Attorney's Office to provide defense counsel with specific documents regarding the search warrants that were obtained[1] and executed on January 29, 2007.

    As the Court may recall, this action involves a search warrant that was executed at 77 E. 3rd Street, New York, New York. The clubhouse of the Hells Angels Motorcycle Club as well as several residential apartments attached to that clubhouse are located at the premises. Plaintiff's brought this action challenging the search of the apartments located at 77 E. 3rd Street on the theory that although the New York City Police Department was aware that the subject location contained residential apartments, the court issuing the warrants were not made aware of that fact. I have had several substantive conversations with plaintiffs' counsel, Mr. Ronald Kuby, about this matter and both Mr. Kuby and I agree that the pertinent documents in this litigation are the search warrants, the affidavits or applications for the search warrant, and any minutes of hearings held to obtain those search warrants. It is my understanding that without these specific documents, plaintiffs cannot prosecute and defendants cannot defend this litigation. Therefore, I

---

[1] Upon information and belief, two separate search warrants were obtained.

agreed to obtain and produce those documents to plaintiff at the earliest possible stage in this litigation and, in fact, have made several attempts to obtain that documentation.

However, upon information and belief, the Office of the New York County District Attorney's Office is in sole possession of those crucial documents. Thus, we have made several requests to that office to provide us with the necessary documentation. On July 11, 2007, I was informed by an Assistant District Attorney that that office will not produce any of the requested and required documentation to me on the grounds that the documents may contain information identifying individuals who provided either the Police Department or the District Attorney's Office with information for the warrants themselves; *i.e.*, information about confidential informants. The District Attorney's Office considers such information confidential. Understanding the need by District Attorney's Office to keep such information confidential, I suggested and requested that the District Attorney's Office redact any and all information identifying any confidential informant and produce the redacted documents to this office. Moreover, Mr. Kuby informed me that, at this stage of the litigation, no names or other identifying information of confidential informants needs to be provided to plaintiffs. Notwithstanding, the District Attorney's Office is unwilling to produce the requested information.

Therefore, in order to expedite this matter and obtain the crucial documents required for all parties to litigate this matter, I have attached a subpoena for the Court's endorsement. This subpoena requires a representative from the New York County District Attorney's Office to appear at the initial conference scheduled for July 20, 2007 at 4:30 p.m. to provide the search warrants, the affidavits or applications for the search warrants, and the minutes of any hearings held to obtain the warrants (or the necessary information that will enable this office to order a transcript of the minutes), or explain to the Court its basis for withholding this documentation.

Thank you for your consideration in this matter.

Respectfully submitted,

Hillary A. Frommer (HF 9286)
Senior Counsel

cc: Ronald Kuby, Esq. (via facsimile)

2

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

| Steve Bonge, et al. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER: 07 Civ. 4601 (SAS)(GWG) |
| City of New York et al. | |

TO: Office of the District Attorney of New York County
One Hogan Place
New York, NY 10013

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents: **Documents concerning the search warrants obtained on January 29, 2007 for 77 E. 3rd Street, New York New York, specifically, any and all affidavits or applications for the search warrant, the search warrants, and the minutes of any and all hearings held regarding the warrants. If the minutes have not been transcribed, provide the date, Court Part(s) and name of the court reporter(s) who were present at the hearings,** at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| The United States District Court for the Southern District of New York Courtroom 15C 500 Pearl Street New York, New York 10007 | July 20, 2007 at 4:30 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| The Honorable Shira A. Scheindlin  United States District Judge | July 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)