UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVE BONGE, DOMINGO BUSTER, DANIEL
CANALES, PAUL CASEY, KIMBERLY CLOSSICK,
BARBARA HECKMAN, CYNTHIA JORDAN, KEVIN
LALKA, BRENDAN MANNING, SCOTT NEWTON,
and RICHARD WEST,

**ANSWER TO SECOND
AMENDED COMPLAINT**

JURY TRIAL DEMANDED

07 Civ. 4601 (SAS)(GWG)

Plaintiffs,

-against-

THE CITY OF NEW YORK; and, NEW YORK CITY
POLICE DEPARTMENT DETECTIVE JOHN
VILLANUEVA; and NEW YORK CITY POLICE
DEPARTMENT OFFICIALS JOHN AND JANE DOE 1-
50,

Defendants.

------------------------------------------------------------------------ x

Defendants City of New York and Detective John Villanueva, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the Second Amended Complaint, respectfully allege upon information and belief as follows.

1.  Deny the allegations set forth in paragraph "1" of the Second Amended Complaint, except admit that plaintiffs purport to bring this action as stated therein.

2.  Defendants state that the allegations set forth in paragraph "2" of the Second Amended Complaint are not averments requiring responses.

3.  Deny the allegations set forth in paragraph "3" of the Second Amended Complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

4.  Deny the allegations set forth in paragraph "4" of the Second Amended Complaint.

5. Defendants state that the allegations set forth in paragraph "5" of the Second Amended Complaint do not constitute averments requiring responses.

6. Deny the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that plaintiff purports to bring this action in this venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Second Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that defendant Villanueva is employed as a detective with the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Second Amended Complaint, except admit that the City is municipal corporation. Defendants further respectfully refer this Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

10. Defendants state that the allegations set forth in paragraph "10" of the Second Amended Complaint constitute legal conclusions to which no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Second Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Second Amended Complaint, except admit that the building located at 77 East Third Street is a multi-story building.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Second Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Second Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Second Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Second Amended Complaint, except admit that some members of the New York City Police Department are aware that the Hell's Angels Motorcycle Club clubhouse is located at 77 East Third Street.

18. Deny the allegations set forth in paragraph "18" of the Second Amended Complaint.

19. Admit that members of the New York City Police Department conducted a search of the building on January 29, 2007 pursuant to a search warrant, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "19" of the Second Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Second Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that individuals present inside the building vacated the premises during the search.

22. Deny the allegations set forth in paragraph "22" of the Second Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Second Amended Complaint, except admit that the residences were searched.

24. Deny the allegations set forth in paragraph "24" of the Second Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Second Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Second Amended Complaint.

27. Admit that the arrest of West was subsequently voided, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "27"of the Second Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Second Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Second Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Second Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Second Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Second Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Second Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Second Amended Complaint.

35. Demy the allegations set forth in paragraph "35" of the Second Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Second Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Second Amended Complaint, except admit that plaintiff West was arrested and transported to the 9th Precinct and thereafter released at approximately 2:00 a.m. on January 30, 2007 without charges.

38. Deny the allegations set forth in paragraph "38" of the Second Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Second Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Second Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Second Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Second Amended Complaint.

43. In response to the allegations set forth in paragraph "43" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if full set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Second Amended Complaint.

46. In response to the allegations set forth in paragraph "46" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Second Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Second Amended Complaint.

49. In response to the allegations set forth in paragraph "49" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52. In response to the allegations set forth in paragraph "52" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Second Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Second Amended Complaint.

55. In response to the allegations set forth in paragraph "55" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Second Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the Second Amended Complaint.

58. In response to the allegations set forth in paragraph "58" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Second Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Second Amended Complaint.

61. In response to the allegations set forth in paragraph "61" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the Second Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Second Amended Complaint.

64. In response to the allegations set forth in paragraph "64" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65"of the Second Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Second Amended Complaint.

67. In response to the allegations set forth in paragraph "67" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the Second Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Second Amended Complaint.

70. In response to the allegations set forth in paragraph "70" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Second Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the Second Amended Complaint.

73. In response to the allegations set forth in paragraph "73" of the Second Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the Second Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Second Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Second Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Second Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the Second Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the Second Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Second Amended Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

81. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

82. Any injuries or damages alleged in the complaint were caused, in whole or in part, by plaintiffs' culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

83. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

84. Plaintiffs provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

85. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR A SIXTH AFFIRMATIVE DEFENSE

86. There was probable cause for plaintiff West's arrest.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

87. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

88. At all times relevant to the acts alleged in the Second Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## FOR A NINTH AFFIRMATIVE DEFENSE

89. Plaintiffs failed to comply with all conditions precedent to suit.

WHEREFORE, defendant City of New York and Detective Villanueva respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 14, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the City of New York
> Attorney for Defendants City and Villanueva
> 100 Church Street
> Room 3-212
> New York, New York 10007
> (212) 788-0823
>
> By: _____
>       Hillary A. Frommer (HF 9286)
>       Senior Counsel

Index No. 07 Civ. 4601 (SAS)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE BONGE, DOMINGO BUSTER, DANIEL
CANALES, PAUL CASEY, KIMBERLY CLOSSICK,
BARBARA HECKMAN, CYNTHIA JORDAN, KEVIN
LALKA, BRENDAN MANNING, SCOTT NEWTON, and
RICHARD WEST,

                                                          Plaintiffs,

                              -against-

THE CITY OF NEW YORK; and, NEW YORK CITY
POLICE DEPARTMENT DETECTIVE JOHN
VILLANUEVA; and NEW YORK CITY POLICE
DEPARTMENT OFFICIALS JOHN AND JANE DOE 1-50,

                                                          Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Villanueva*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 2007-017583*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................................................., 200......*

*.................................................................. Esq.*

*Attorney for ..............................................................*