

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

HILLARY A. FROMMER
*Senior Counsel*
Phone: (212) 788-0823
Fax:  (212) 788-9776
hfrommer@law.nyc.gov

February 5, 2008

**VIA HAND DELIVERY**
The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  Bonge v. The City of New York et al.
>       07 Civ. 4601 (SAS) (GWG)

Dear Judge Scheindlin:

I am the Senior Counsel with the Office of the Corporation Counsel representing defendants City and Detective John Villanueva in the above-referenced action. Pursuant to Your Honor's Individual Practices, defendants respectfully request permission to move to bifurcate plaintiffs' municipal liability claims in this matter from those of the individual defendant. In that contest, defendants ask that the Court schedule a pre-motion conference to address defendants' intended motion.

By way of background, as the Court may recall, plaintiffs in this case are members of or are affiliated with members of the Hells Angels Motorcycle Club (hereinafter "Hells Angels"). This action arises out of a search warrant that was executed on 77 East Third Street on January 29, 2007. According to plaintiffs, 77 East Third Street contained the Hells Angels clubhouse on the ground floor and apartments lived in by members of the Hells Angels on the upper floors. Plaintiffs brought a claim for unlawful search and seizure under 42 U.S.C. § 1983, and plaintiff Richard West brought an additional claim for false arrest.

On December 12, 2007, defendants requested, with plaintiffs' consent, an extension until April 11, 2008 in which to complete discovery. The basis for that motion was it was defense counsel's understanding that, because there are over ten plaintiffs in this action, and there were numerous police personnel present during the January 29, 2007 search warrant execution, numerous individuals with knowledge of the January 29, 2007 incident and would be

approximately twenty depositions in this matter. After submitting their December 12, 2007 letter, I received fourteen notices of depositions for non-party police personnel. None of the individuals noticed by plaintiff were identified by defendants as having any personal knowledge of the January 29, 2007 search warrant execution at the Hells Angels club house. Their names do not appear on documents concerning the January 29, 2007 incident produced during discovery. Upon information and belief, plaintiffs seek to depose individuals who have knowledge of either the 1998 search warrant executed at the Hells Angels clubhouse or the 2000 search warrant executed at the clubhouse. Following the 1998 and 2000 search warrant executions, members of the Hells Angles, including many of the plaintiffs herein, brought lawsuits challenging the lawfulness of those search warrants. The 1998 and 2000 lawsuits were resolved by settlement. As a condition of each settlement,  plaintiffs agreed not to litigate those incidents again. However, by seeking to depose individuals involved in those incidents, plaintiffs seek to re-open those litigations. twelve of the fourteen individuals noticed were related to the 2000 search and subsequent litigation, and two of the fourteen individuals were connected to the 1998 search warrant. Despite defendants' request, plaintiffs have refused to proffer their basis for seeking fourteen depositions of individuals who apparently were not involved in the January 29, 2007 search warrant at issue in this litigation. Thus, it appears that the fourteen non-party depositions are only relevant to plaintiffs' purported Monell claim, which is that the City maintains an unlawful policy and practice of harassing the Hells Angels because police have executed search warrants at the Hells Angels clubhouse prior to January 29, 2007.

Defendants now seek permission to bifurcate plaintiffs' Monell claim to preclude plaintiffs from conducting discovery into the prior search warrant executions and conducting the fourteen irrelevant non-party depositions. Plaintiffs cannot succeed on their Section 1983 claim against the City without first establishing that their constitutional rights were violated by an employee of the City of New York. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). If plaintiffs fail to demonstrate that their constitutional rights were violated by a City employee, there can be no Monell liability on the part of the City. City of Los Angeles v. Heller, 473 U.S. 796, 799 (1986). It would thus be both logical and prudent to address plaintiffs' claims against the individual defendant before seeking to resolve plaintiffs' Monell claim against the City. The fourteen non-party depositions are irrelevant to establishing whether the individual defendant, Detective Villanueva, is liable for violating plaintiffs' constitutional rights in connection with the events of January 29, 2007.

Detective Villanueva was the individual who signed the search warrant affidavit prepared by the New York County District Attorney's Office. It is undisputed that the police obtained a valid search warrant for the entire premises at 77 East Third Street before entering and searching the location. "A search or seizure pursuant to a warrant is presumed valid." United States v. Awadallah, 349 F.3d 42, 65 (2d Cir. 2003). The Supreme Court has held that in certain circumstances an individual may challenge the truthfulness of factual statements made in the warrant affidavit to undermine the validity of the warrant itself. Franks v. Delaware, 438 U.S. 154, 164-72, 98 S. Ct. 2674 (1978).  However, to invoke the Franks doctrine, the plaintiffs must show "there were intentional and material misrepresentations or omissions" in the warrant affidavit. "A misrepresentation or omission is intentional when 'the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth." Awadallah, 349 F.3d at 64-65. (internal citations omitted).  "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of

independent and lawful information sufficient to support probable cause." United States v. Canfield, 212 DF.2d 713, 718 (2d Cir. 2000). Thus, for plaintiffs to succeed on their claim that the search of the premises located at 77 East Third Street violated the Fourth Amendment, plaintiffs must demonstrate that Detective Villanueva intentionally or with a reckless disregard for the truth, deliberately omitted information from or included misstatements in the search warrant affidavit signed on January 29, 2007. Therefore, what is relevant to this matter, is what Detective Villanueva knew on January 29, 2007 regarding 77 East Third Street and the information he gave to the District Attorney's Office and the court that authorized the search warrant. Additionally, police officers who were not present when plaintiff Richard West was arrested on January 29, 2007 have no personal knowledge relevant to plaintiff West's federal false arrest claim. Information known to police personnel not involved in the January 29, 2007 search, but only in searches that occurred ten years prior, is irrelevant to and cannot be imputed to Detective Villanueva. Knowledge of one police officer can only be imputed to another officer who is working on the same case. Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 91 S. Ct. 1031 (1971); United States v. Santa, 180 F.3d 20, 28 (2d Cir. 1999). The Second Circuit has expressly rejected the theory that information received by a police department must be imputed to every officer in the department. Santa. 180 F.3d at 28; United States v. Valez, 796 F.2d 24 (2d Cir. 1986).

Because the fourteen non-party depositions are not relevant to plaintiffs' claims against Detective Villanueva, and plaintiffs must first establish that Detective Villanueva is liable for a constitutional violation, those depositions would serve no useful purposes. The same holds true for document and interrogatory requests that seek documents or information about the prior search warrants. Bifurcation of plaintiffs' Monell claim is therefore warranted at this stage. Should the Court decline to bifurcate, and permit plaintiff to take the fourteen non-party depositions, then defendants seek a ruling from the Court limiting the scope of those depositions to only their knowledge of or involvement in the January 29, 2007 search. Plaintiffs should be precluded from questioning any of the party and non-party individuals about either the 1998 or 2000 searches of 77 East Third Street, as those claims have already been litigated and plaintiffs should be barred from inquiring into those incidents.

For the foregoing reasons, defendants respectfully seek a pre-motion conference to address their motion to bifurcate the Monell claim.

I thank the Court for its consideration in this matter.

*Defendants' request is granted. A pre-motion conference is scheduled for Feb. 20, 2008, at 4:30p.m.*

Respectfully submitted,

Hillary A. Frommer
Senior Counsel

*SO ORDERED!*

*Shira A. Scheindlin, USDJ*

cc:    Ronald L. Kuby, Esq. (via facsimile)    *Date, Feb. 6, 2008*

3